IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:23-cr-044 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Ends of Justice Order |
| William Lindsay, *et al*, | : | |
| | : | |
| Defendants. | : | |

The Court held a status conference in this matter on July 26, 2023. In this case, Defendants William Lindsay, Arnando Miller, Derray Kennedy, Monae Mosley, and Amos Ashley are charged in a seven-count Indictment with conspiracy to commit mail theft and other crimes. All counsel were present. Counsel informed the Court that additional time was required to review discovery and negotiate plea agreements. All counsel agreed that at least an additional 30 days were necessary to review discovery with their clients and negotiate plea agreements.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice" and (b) "[w]hether the failure to grant such a continuance . . .

1

would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied that counsel are exercising due diligence in this matter. However, counsel need additional time to review discovery and negotiate pleas. The Court finds here that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The continuance granted in this matter applies to all Defendants. *United States v. Culpepper*, 898 F.2d 65, 66–67 (6th Cir. 1990) ("Where multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs the action."); *see also United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (applying one speedy trial clock to all defendants).

Accordingly, the Court SETS this matter for a Status Conference on **August 28, 2023 at 2:00 p.m.** The dates from July 26, 2023 until August 28, 2023 are hereby excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge