**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:23-CR-44 (1) |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM LINDSAY, | : | |
| | : | |
| Defendant. | : | |

**SENTENCING MEMORANDUM**

The defense respectfully requests a sentence of 28 months. The PSR, filed with no unresolved objections, lists a Guidelines range of 30 to 37 months. (PSR, Doc. # 113, PageID # 544.).

**I.    An upward variance would create an unwarranted sentencing disparity.**

The Government's request for a 48-month sentence is more than double the average sentence length for similarly situated defendants. According to JSIN (the Judiciary Sentencing Information system created by the United States Sentencing Commission),

> During the last five fiscal years (FY2019-2023), there were 69 defendants whose primary guideline was §2B3.1, with a Final Offense Level of 19 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 61 defendants (88%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 21 month(s) and the median length of imprisonment imposed was 24 month(s).

1

*JSIN*, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited March 31, 2024). The average

sentence length for those charged with robbery who had the same offense level and same criminal

history category as Lindsay was 21 months.

## II.     The nature of the robbery involved is significantly different than other postal service robberies in Cincinnati.

The facts of Lindsay's robbery are meaningfully different than the facts of other robberies

in the Cincinnati area. As the Government noted in its sentencing memorandum, the robbery

Lindsay was involved in did not involve a gun. Moreover, it did not involve the threat or suggestion

of a gun. There were no weapons involved at all. The two individuals who interacted with the

postal carrier did not speak to the postal carrier.

In contrast, other robberies of post carriers in the city involved weapons. On October 21,

2023, there were two armed robberies of mail carriers.[1] Lamarion Grey will be before this Court

for sentencing in the next few months for robbing a postal service worker at gunpoint on July 12,

2023.[2]

## III.     Lindsay's history and characteristics warrant a slightly below Guideline sentence.

Lindsay's background unfortunately made him susceptible to being caught up in the

scheme. As noted in the Government's sentencing memorandum, "This case is linked with other

members of the group like Lawence Sherman in Case No. 1:23-CR-0013." (Govt. Sentencing

---

[1] *Two Cincinnati area mail carriers robbed at gunpoint hours apart*, WLWT5, Oct. 31, 2023, https://www.wlwt.com/article/two-cincinnati-area-mail-carriers-gunpoint-hours-apart/45691722
[2] *19-year-old pleads guilty to robbing mail carrier at gunpoint in Colerain Township, U.S. Attorney says*, WCPO, March 1, 2024, https://www.wcpo.com/news/local-news/hamilton-county/colerain-township/19-year-old-pleads-guilty-to-robbing-mail-carrier-at-gunpoint-in-colerain-township-u-s-attorney-says

2

Memo., Doc. # 119, PageID #: 577). In June of 2022, when the conspiracy charged in the indictment is alleged to have begun, Lindsay was only 20 years old.

Lindsay's understanding of the world, his role in it, and what kind of life was available to him was shaped by his upbringing. His family financially struggled. Lindsay remembers the electricity being cut off when he was 12 years old. (PSR, Doc. # 113, ¶ 85). Lindsay became aware of his father's drug dealing when Lindsay was 13 years old. Lindsay's father has been intermittently incarcerated throughout Lindsay's young life. (*Id.* at ¶ 82). His older brother also had run ins with law enforcement and went to jail.

Lindsay was exposed to violence. Two of his friends were killed by the time Lindsay was 16 years old. (*Id.* at ¶ 86). He was shot in the head himself when he was 19 years old. (*Id.* at ¶ 94).

Thus, Lindsay, at 20 years old, with a history of financial instability, incarceration of family members, and significant exposure to violence, found himself with the codefendants in this case and in the related Sherman case. The people involved were his friends, his makeshift family, his support network. They understood what his life had been like. These were the people who cared if he did not come home one night. Lindsay got swept up in the group's conduct. Admittedly, he was an active participant rather than a passive one. That said, Lindsay was not the group's leader or the planner of the overall scheme. For example, unlike some of the other defendants, Lindsay's fingerprints were *not* found on the recovered stolen mail and checks recovered from the Daly House search.

As for the OVI charge that occurred post-indictment, Lindsay was involved in a car crash the day he had oral surgery. *See* Exhibit A, oral surgery note. The OVI charge is still pending in Hamilton County.

3

In December of 2023, Lindsay was shot in the front right side of his face. Fortunately, he survived. He underwent at least one surgery. He has metal plates in his jaw area. He should be undergoing physical therapy to restore his tongue mobility, his ability to chew, and his ability to speak clearly. Lindsay appreciates this Court's willingness to hold his sentencing hearing promptly so that he can be transferred to a BOP facility for better medical care. To that end, he does request this Court recommend he be sent to FMC Lexington, at least temporarily until his injury is fully healed. As for the bag of marijuana, undersigned counsel does not know the size of the bag being described as "large." Lindsay does have a medical marijuana card.

**IV.     28 months is a sufficiently serious sentence.**

A 28-month sentence is a sufficiently serious sentence for Lindsay. First, he has never been incarcerated before. Second, missing the next few years of his life is a substantial punishment. Lindsay's first child is due this summer. He missed the gender reveal this past weekend. He will miss the birth. He will miss the first tooth, the first word, the first step, and the experience of being with his baby for the first years of its life. The 2+ years Lindsay will be incarcerated are important years in the grand scheme of his life.

Twenty-eight months of punishment and rehabilitation is sufficient. As his grandmother wrote, "he has a new reason to want to make a change in his life." Exhibit A, Letter in Support from Antionette Blackwell. In the words of his girlfriend, they hope to raise their child in "a two parent, nontoxic home" with "no traumatizing events." Exhibit B, Letter in Support from Najia. Lindsay understands that he needs to make the most of his time in the BOP and learn the skills he needs to financially support his family. He understands that he needs to do so lawfully in order to raise his child the way that he wants to.  As noted by his brother, the incarceration time can help Lindsay orient away the life he has known and provide him the skills and knowledge to live a

different kind of life. Exhibit C, Letter in Support from Taemar Lindsay. His brother's support in his rehabilitation efforts will help Lindsay succeed upon his release.

Lindsay has never been incarcerated before. The shock of it was necessary for Lindsay. There is no doubt that Lindsay was a willing and able participant in the group's scheme and particularly the robbery he pleaded guilty to. Those facts combined with his juvenile record certainly indicate a trend of unlawful behavior. Here, the intervention of federal charges and a federal incarceration sentence serves to both punish Lindsay and publicly communicate that robberies of postal carriers will result in being caught, in facing federal charges, and being incarcerated for a few years.

That said, given Lindsay's lack of prior incarceration, his age, the fact that the participants in his robbery deliberately omitted using any weapons or verbal threats, and the circumstances of his upbringing weigh in favor of a 28-month sentence, a sentence that is 30% higher than the average 21-month sentence given to defendants who fall under the same Guidelines section, the same offense level, and the same criminal history score.

## V.    Conclusion

For the reasons set forth above, Lindsay respectfully suggests that a sentence of 28 months is sufficient but not greater than necessary.

Respectfully submitted,

**/s/ Stephanie F. Kessler**
STEPHANIE F. KESSLER (0092338)
Kessler Defense LLC
215 East 9th St., Suite 650
Cincinnati, OH 45223
(513) 316-5807
stephanie@kesslerdefense.com

*Attorney for William Lindsay*

5